Milkey, J.
(concurring in part). I agree that JNM Hospitality, Inc. (the restaurant), cannot prevail on the intentional interference with contractual relations claim it brought against the trustees of The Village at Forge Pond Condominium Trust (the trust). However, I arrive at that conclusion by a narrower path.
The special permit under which the condominium complex was built required that there be ninety-one parking spaces for the residents of the residential units and the customers and staff of the commercial units (one space per residential bedroom, plus one space per 250 square feet of commercial space). Pursuant to that formula, the commercial units occupied by the restaurant accounted for eleven of the mandated ninety-one parking spaces. Consistent with that figure, the owner of the two restaurant units claimed an entitlement to eleven parking spaces adjacent to its *357 units,[1] and executed a lease purporting to give the restaurant exclusive use of those spaces. Those eleven spaces were then marked with signs designating them for the restaurant’s exclusive use.[2]
At least for purposes of this appeal, I accept the restaurant’s position that the lease did not prohibit it from using spaces elsewhere in the parking lot if they were available. This is evidenced by the fact that the parties to the lease crossed out a draft provision that expressly would have limited the restaurant to using only its dedicated eleven spaces. However, although the lease does not appear to have prohibited the restaurant from making use of other available spaces, neither did it provide the restaurant any enforceable entitlement to such spaces. Indeed, had the landlord purported to give the restaurant an entitlement to more than its pro rata share, it would have been giving away parking rights that it did not possess. Under these circumstances, the trust’s licensing to the United States Postal Service the right to use fifteen parking spaces other than the restaurant’s dedicated eleven could not have caused the landlord to violate the lease.[3]
I therefore concur with so much of part 1 of Justice Grainger’s opinion as concludes that the breach of contract element of the interference claim was not met where, under the circumstances of this case, the contract provided no enforceable entitlement to any of the nonexclusive parking spaces.[4] I do not reach any other ground for affirmance.

 The owner of the units that executed the lease was Forge Pond, LLC. Forge Pond, LLC, has since assigned its rights to Canton Viaduct, LLC, a defendant in the broader case brought by the restaurant.

 The parties to this appeal have taken the position that the restaurant had valid exclusive rights to these eleven spaces. For purposes of this appeal, I do as well.

 None of this is to say that the trust’s decision to license parking to the United States Postal Service was well advised, especially where it reduced available parking at the complex below that required by the special permit. However, the only legal issue before us is whether the decision rendered the trust liable to the restaurant on a particular cause of action (intentional interference with the restaurant’s lease).

 I also agree that the trust should not recover its appellate attorney’s fees.